IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PIERRE INVESTMENTS, INC.,**                          CASE NO. 3:24 CV 1046

    Plaintiff,

    v.                                                                JUDGE JAMES R. KNEPP II

**MOCKENSTURM, LTD, et al.,**

    Defendants.                                                **ORDER**

Background

    Plaintiff filed a Complaint in this case on June 21, 2024. (Doc. 1). Federal Rule of Civil Procedure 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

    On October 15, 2024, this Court issued an Order to Show Cause, requiring Plaintiff to show cause on or before October 25, 2024, why the case should not be dismissed for lack of service and want of prosecution. (Doc. 9). No indication of service or any attempted service appears on the docket.[1] Plaintiff filed no response to this Court's Show Cause Order, and on October 29, 2024, this Court dismissed the case without prejudice for lack of service. (Doc. 10).

---

[1]. Plaintiff's counsel requested and the Court Clerk's Office issued summonses for all nine Defendants on August 16, 2024. (Docs. 7, 8).

Current Motion

On July 1, 2025, Plaintiff filed the currently-pending motion entitled "Motion to Reinstate." (Doc. 11). It contends the dismissal "resulted from a mistake and/or excusable neglect on the part of Plaintiff's Counsel, specifically, the issues were a result of missed calendaring and attempts to serve defendants who are evading service." (Doc. 11, at 2). It further asserts "Plaintiff acted in good faith and has consistently demonstrated intent to pursue this matter." *Id.* No further factual details are offered. Plaintiff concludes that "reinstatement would not unfairly prejudice the Defendant, the delay was minimal. Plaintiff's failure to comply was the result of excusable neglect and not willful disregard." *Id.*

Plaintiff seeks relief under Rule 60(b)(1), which allows a district court to vacate a final judgment because of "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.'" *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011)); *Kensu v. Corizon Inc.*, 2023 WL 1800276, at *2 (6th Cir.) (summarizing factors). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick*, 675 F.3d at 628-29 (quoting *Flynn*, 440 F. App'x at 458). In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* the Supreme Court set forth five factors for determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. 380,

395 (1993). "[A]n attorney's inexcusable neglect is normally attributed to his client." *Allen v. Murph*, 194 F.3d 722, 723 (6th Cir. 1999).

The Court finds Plaintiff's request is vague and conclusory and does not demonstrate excusable neglect. Although asserting that Plaintiff "has consistently demonstrated intent to pursue this matter", beyond vague allusions to "missed calendaring" and Defendants "evading service", it provides no detail to support these statements. Plaintiff further does not explain: (1) the failure to respond to the Court's original Show Cause Order in October 2024, or (2) the over eight months that have passed between dismissal and the filing of the instant motion. "A district court is justified in denying Rule 60(b) relief for excusable neglect when it is supported by vague, conclusory allegations." *Demann v. Ottawa Cnty. Sheriff's Dep't*, 68 F. App'x 642, 643-44 (6th Cir. 2003) (citing *United States v. Reyes,* 307 F.3d 451, 456–57 (6th Cir. 2002)). The Court therefore finds Plaintiff has not demonstrated excusable neglect such that the prior judgment should be vacated.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Reinstate (Doc. 11) be, and the same hereby is, DENIED.

                                       s/ *James R. Knepp II*
                                       UNITED STATES DISTRICT JUDGE

                                       Dated: July 16, 2025